UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                              Case No. 05-cr-177-01-SM

Augustin Damian

**O R D E R**

The defendant, Augustin Damian, moved for a sentence reduction based upon the cocaine base ("crack cocaine") amendment to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("2010 Fair Sentencing Act") (document no. 41).  That amendment was given retroactive effect on November 1, 2011.  For the reasons stated below, the defendant's motion to reduce sentence is DENIED.

On August 3, 2010, Congress enacted the 2010 Fair Sentencing Act to restore fairness to crack cocaine sentences. Specifically, the Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug Quantity Table in §2D1.1, eliminated the mandatory minimum sentence for simple possession of crack cocaine, and

directed the United States Sentencing Commission ("Commission") to review and amend the sentencing guidelines to account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the 2010 Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010. *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010).  On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. §994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to §1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. §994(u).  Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine offenses and made related revisions to Application Note 10 to §2D1.1.  Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under §2D1.1.  On November 1, 2011, the

amendment to §1B1.10 took effect, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Parts A and C of Amendment 750 were authorized.

Having reviewed the offense of conviction, the sentence imposed, and the pertinent record, it is clear that the defendant is not eligible to seek a reduced sentence under the retroactively applicable amendment.

On May 13, 2006, the defendant pled guilty to an eight (8) count Indictment charging him with six (6) counts of Distribution of Cocaine Base ("Crack") and two counts of Distribution of Cocaine, all in violation of 21 U.S.C. § 841 (a)(1). At sentencing, the defendant was deemed to be a career offender and, as a result, his total offense level was twenty-nine (29) and the advisory guideline range was 151 to 188 months. After receiving a six (6) level downward departure for substantial assistance, which lowered the imprisonment range to 92 to 115 months, the court imposed a sentence of 92 months imprisonment and three (3) years of supervised release on each count, to be served concurrently.

On this record, the defendant is plainly not entitled to a sentence reduction based on a retroactive application of the 2010 Fair Sentencing Act amendment (Amendments 750, Parts A and C). Under the 2010 Fair Sentencing Act the statutory career offender guideline still sets the applicable Guideline Sentencing Range in the defendant's case. The retroactive guideline amendment did not lower that range — it was 151 to 188 months when defendant was sentenced and it remains at 151 to 188 months now (because the Fair Sentencing Act's provisions are not retroactive). See, e.g., United States v. Curet, ___ F.3d ___, 2012 WL 75392 (1st Cir. January 11, 2012). Because the defendant was sentenced pursuant to the career offender guideline, and the retroactive crack base guideline amendment has no application to the statutory provision for which he was sentenced, the amendment has no impact on his sentence.

The retroactive amendment, by its terms, does not apply to defendant. Because "the guideline range applicable to . . . defendant" has not been "lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)," U.S.S.G. § 1B1.10(a)(1), defendant is not entitled to sentence relief. See also U.S.S.G. § 1B1.10(a)(2)(B). Application Note 1(A) to Section 1B1.10 confirms that conclusion: "Accordingly, a

reduction in the defendant's term of imprisonment is not authorized . . . [if the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."

    Because the career offender guideline was not lowered by the 2010 Fair Sentencing Act cocaine base amendment, the defendant is not eligible for a reduction of his sentence.  Therefore, the defendant's motion to for a sentence reduction (doc. no. 41) is DENIED.

    **SO ORDERED.**

Date: March 12, 2012        /s/ Steven J. McAuliffe
                                         Steven J. McAuliffe
                                         United States District Judge

cc:  Augustin Damian, pro se
     Counsel of Record